# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of the Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE SIDE OF THE FORM.)

**I.(a) PLAINTIFFS**
Sonni Hall, Plaintiff

**DEFENDANTS**
Robert Hale and Hardy Brothers, Inc., Defendants

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Philadelphia County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Surry County, NC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(C) ATTORNEY'S (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Rand Spear, Esquire
Spear, Greenfield, Richman & Weitz, P.C.
Two Penn Center Plaza, Suite 200
1500 JFK Boulevard
Philadelphia, PA 19102
215-985-2424

ATTORNEYS (IF KNOWN)
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
One Penn Center
1617 JFK Boulevard, Suite 1010
Philadelphia, PA 19103
Attorney for Defendants

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
FOR DIVERSITY CASES ONLY

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principle Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | X 2 | Incorporated and Principle Place of Business in Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 U.S.C. § 1332

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med - Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks & Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Liable & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 330 Federal Employer's Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | X 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contact Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Free Determination Under Equal Access to Justice |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeaas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | | |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgement

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $ Excess of $50,000.00

Check YES only if demanded in complaint:
JURY DEMAND: X YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (SEE INSTRUCTIONS)
JUDGE Judge of Related Case
DOCKET NUMBER Docket Number of Related Case

DATE: July 24, 2017    SIGNATURE OF ATTORNEY OF RECORD 

UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SONNI HALL<br>5012 Summer Street<br>Philadelphia, PA 19139<br>v.<br>ROBERT HALE<br>113 Angels Wings<br>Dobson, NC 27017<br>and<br>HARDY BROTHERS, INC.<br>6406 Siloam Road<br>Siloam, NC 27047 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                             ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits                                                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                    (X)

_July 24, 2017_              _[signature] Ben Tursi_              **Robert Hale and Hardy Brothers, Inc.**
**Date**                               **Attorney-at-law**                              **Attorney for**

_(215)564-6688_              _(215)564-2526_              _btursi@moodklaw.com_
**Telephone**                       **FAX Number**                          **E-Mail Address**
(Civ. 660) 10/02

**APPENDIX F**

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _5012 Summer Street, Philadelphia, PA 19139_

Address of Defendant: _113 Angels Wings, Dobson, NC 27017 and 6406 Siloam Road, Siloam, NC 27047_

Place of Accident, Incident or Transaction: _Interstate 76 E, Mile Marker 269.7, Penn Township, Lancaster County, PA_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☐  No **X**

Does this case involve multidistrict litigation possibilities?     Yes ☐  No **X**
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No **X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No **X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes ☐  No **X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐  No **X**

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. **X** Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
(Check appropriate Category)

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
                   Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _7/24/17_  _Ben Tury_ (signature)  _206999_
                   Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

379-103779

| | |
|---|---|
| SONNI HALL <br><br> vs. <br><br> ROBERT HALE AND HARDY BROTHERS, INC. | CIVIL ACTION <br><br> NO. |

## NOTICE OF FILING NOTICE OF REMOVAL
## TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN
## DISTRICT OF PENNSYLVANIA

TO:   Rand Spear, Equire
      Spear, Greenfield, Richman & Weitz, P.C.
      Two Penn Center Plaza, Suite 200
      1500 JFK Boulevard
      Philadelphia, PA  19102

**PLEASE TAKE NOTICE** that Robert Hale and Hardy Brothers, Inc., in the matter of Sonni Hall vs. Robert Hale and Hardy Brothers, Inc., originally pending in the Court of Common Pleas in the County of Philadelphia, Pennsylvania, under June Term 2017, No. 2977, file in the United States District Court for the Eastern District of Pennsylvania, their Notice of Removal of said cause to the Eastern District of Pennsylvania.  A copy of the Notice of Removal is attached hereto and served herewith.

                              MARKS, O'NEILL, O'BRIEN,
                              DOHERTY & KELLY &, P.C.

                              By _____
                                 Benjamin J. Tursi, Esquire
                                 Attorney I.D. No.: 206999
                                 One Penn Center
                                 1617 JFK Boulevard, Suite 1010
                                 Philadelphia, PA 19103
                                 215-564-6688
                                 Attorney for Defendants

{PH142323.1}

IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

379-103779

| | |
|---|---|
| SONNI HALL | CIVIL ACTION |
| vs. | NO. |
| ROBERT HALE AND HARDY BROTHERS, INC. | |

## NOTICE OF REMOVAL

AND NOW, Defendants, Robert Hale and Hardy Brothers, Inc., by and through their attorneys, MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., hereby remove the above-captioned case to this Honorable Court and provide notice of same to counsel representing the Plaintiff. In support of the removal, the Defendants aver as follows:

1. The present action is removable from the Court of Common Pleas of Philadelphia County to this Court pursuant to 28 U.S.C. § 1441 (a) because: (a) there is complete diversity between the parties; and (b) a "reasonable reading" of the Complaint suggests that Plaintiff, Sonni Hall, is claiming an amount in controversy that exceeds $75,000.00. See 28 U.S.C. § 1332; Rigney v. Felcia, 433 F.Supp.2d 534, 536-37 (E.D. Pa. 2006) (holding that amount in controversy for purposes of removal based on 28 U.S.C. § 1332 is to be "ascertain[ed] from 'a reasonable reading' of the initial pleading ....") (quoting Angus v. Shiley, 989 F.2d 142, 146 (3d Cir. 1993)).

2. This is an action filed and now pending in the Philadelphia Court of Common Pleas, June Term 2017, No. 02977.

3. A copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

{PH142323.1}

4. This action was instituted by Complaint in the Court of Common Pleas of Philadelphia County on or about June 27, 2017 by Plaintiff filing a Complaint at the above court term and number.

5. This Notice of Removal is being filed within thirty (30) days after receipt by the Defendants of the initial pleading setting forth the claim for relief upon which this action is based in accordance with 28 U.S.C. §1446(b).

6. This is a civil suit and involves controversy between citizens of different states.

7. Plaintiff, upon information and belief, was at the time of the commencement of the above action a citizen of the Commonwealth of Pennsylvania.

8. Defendant, Robert Hale, was at the time of the commencement of the above action a citizen of the North Carolina.

9. Hardy Brothers, Inc. is a corporation organized and existing under the laws of North Carolina, with its principal place of business at 6406 Siloam Road, Siloam, North Carolina 27047.

10. The Complaint does not seek a specific amount of monetary damages; rather, Plaintiff only avers in the Complaint that the damages sought are in excess of $50,000.00.

11. Defendants allege and aver upon information and belief that the amount in controversy is in excess of $75,000.00, exclusive of interests and costs.

12. Based on Plaintiff's allegations, one "reasonable reading" of the Complaint suggests that Plaintiff is seeking in excess of $75,000. Rigney, 433 F.Supp.2d at 536-37.

13. The above-described Civil Action is one in which this Honorable Court has original jurisdiction pursuant to Title 28 United States Code Section 1332 based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00, exclusive of interests and costs, and is accordingly one which may be

{PH142323.1}

removed to this Honorable Court by Notice pursuant to Title 28, United States Code, Section 1441.

14. Promptly after filing this Notice of Removal in this Honorable Court, a copy of this Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, in accordance with 28 United States Code, Section 1446(d).

15. Copies of all process, pleadings, and orders served upon Defendants as of the time of this removal are attached hereto in accordance with 28 United States Code, Section 1446(a).

16. Defendants have contemporaneously with the filing of this Notice of Removal given written notice to Plaintiff's counsel.

**WHEREFORE**, Defendants respectfully request that this action, currently docketed in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

        **MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY &, P.C.**

By _/s/ Ben Tursi_
    Benjamin J. Tursi, Esquire
    Attorney I.D. No.: 206999
    One Penn Center
    1617 JFK Boulevard, Suite 1010
    Philadelphia, PA 19103
    215-564-6688
    Attorney for Defendants

{PH142323.1}

IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

379-103779

| | |
|---|---|
| SONNI HALL | CIVIL ACTION |
| vs. | NO. |
| ROBERT HALE AND HARDY BROTHERS, INC. | |

**CERTIFICATE OF SERVICE**

I hereby certify that this **24th day of July 2017**, a true and correct copy of the Defendants' Notice to Remove was served on all parties of record by first class mail, postage prepaid.

MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY &, P.C.

By_____
Benjamin J. Tursi, Esquire
Attorney I.D. No.: 206999
One Penn Center
1617 JFK Boulevard, Suite 1010
Philadelphia, PA 19103
215-564-6688
Attorney for Defendants

{PH142323.1}

**EXHIBIT A**

**SPEAR, GREENFIELD, RICHMAN & WEITZ, P.C.**
BY:   MARC F. GREENFIELD, ESQUIRE
I.D. NO.: 62081                                                          **MAJOR JURY**
Two Penn Center Plaza, Suite 200
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(215) 985-2424
Attorney for plaintiff



| | |
|---|---|
| **SONNI HALL**<br>6012 Summer Street<br>Philadelphia, PA 19139<br>                v.<br>**ROBERT HALE**<br>113 Angels Wings<br>Dobson, NC 27017<br>                &<br>**HARDY BROTHERS, INC.**<br>6406 Siloam Road<br>Siloam, NC 27047 | COURT OF COMMON PLEAS<br>COUNTY OF PHILADELPHIA<br>CIVIL TRIAL DIVISION |

## COMPLAINT IN PERSONAL INJURY
## 2V MOTOR VEHICLE ACCIDENT

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE
        PHILADELPHIA BAR ASSOCIATION
        LAWYER REFERRAL and INFORMATION SERVICE
        One Reading Center
        Philadelphia, Pennsylvania 19107
        (215) 238-6333
        TTY: (215) 451-6197

ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

        ASSOCIACION DE LICENDIADOS DE FILADELFIA
        SERVICIO DE REFENCIA E INFORMACION LEGAL
        One Reading Center
        Filadelfia, Pennsylvania 19107
        Teléfono: (215) 238-6333
          TTY: (215) 451-6197

Case ID: 170602977

## COMPLAINT IN PERSONAL INJURY
## 2V MOTOR VEHICLE ACCIDENT

1. Plaintiff, Sonni Hall, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Robert Hale, is a citizen and resident of the State of North Carolina, with an address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or as a lessee, agent, servant, workman, and/or employee of defendant, Hardy Brothers, Inc., with defendant Hardy Brothers, Inc.'s express, apparent and/or implied permission, authorization and/or consent.

3. Defendant, Hardy Brothers, Inc., is a corporation doing business in the Commonwealth of Pennsylvania, with an address listed in the caption of this Complaint, that at all times material hereto was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including defendant, Robert Hale.

4. On or about January 10, 2016, plaintiff operated a motor vehicle at or near Interstate 76 East, at or near mile marker 269.7, in the Township of Penn and County of Lancaster, in the Commonwealth of Pennsylvania.

5. At the same date and time, defendant, Robert Hale, operated a motor vehicle owned by defendant, Hardy Brothers, Inc., at or near Interstate 76 East, at or near mile marker 269.7, in the Township of Penn and County of Lancaster, in the Commonwealth of Pennsylvania.

6. Suddenly and without warning, defendant, Robert Hale, negligently and/or carelessly operated defendant, Hardy Brothers, Inc.'s, commercial vehicle in such a manner as to strike plaintiff's vehicle.

7. As a result of this accident, plaintiff suffered severe and permanent bodily injuries as are more fully set forth below.

## COUNT I
### Sonni Hall v. Robert Hale
### Personal Injury

8. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

9. The negligence and/or carelessness of defendant consisted of the following:

   a. Operating a commercial vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

   b. Failing to have said commercial vehicle under proper and adequate control;

   c. Failing to observe the position of the vehicle being operated by plaintiff and to take such action as was necessary to prevent striking said vehicle;

   d. Failing to operate a commercial vehicle at a speed which would have allowed the defendant to stop within an assured clear distance;

   e. Operating a commercial vehicle at a dangerous and excessive rate of speed under the circumstances;

   f. Being inattentive to defendant's duties as an operator of a commercial vehicle;

   g. Disregarding traffic lanes, patterns and other devices;

   h. Failing to keep an adequate distance from other vehicles that were within the vicinity of defendant's commercial vehicle;

   i. Failing to perceive the highly apparent danger to plaintiff and others which

        the defendant's actions and/or inactions posed;

j. Failing to give plaintiff meaningful warning signs concerning the impending incident;

k. Failing to exercise ordinary care to avoid injuring plaintiff;

l. Failing to be highly vigilant and to maintain sufficient control of defendant Hardy Brother Inc.'s commercial vehicle;

m. Striking plaintiff's vehicle;

n. Operating a commercial vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o. Failing to inspect defendant Hardy Brothers, Inc.'s commercial vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p. Allowing a dangerous, unsafe and defective commercial vehicle to be operated on a public highway;

q. Failing to operate a commercial vehicle in compliance with the applicable laws, regulations and ordinances of the Township of Penn, County of Lancaster, the Statutes of the Commonwealth of Pennsylvania and the United States of America pertaining to the operation and control of motor vehicles; and

r. Operating a commercial vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

10. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical sprain and strain, right C5 cervical radiculopathy, lumbar sprain and strain, lumbar disc protrusion at the L5-S1 level crowding the right neural foramen, right L5 lumbar radiculopathy, and other ills and injuries, all to plaintiff's great loss and detriment.

11. As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

12. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

13. As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

14. Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an

Case ID: 170602977

amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT II**
**Sonni Hall v. Hardy Brothers, Inc.**
**Personal Injury**

15. Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

16. The negligence and/or carelessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

    a. Operating a commercial vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

    b. Failing to have said commercial vehicle under proper and adequate control;

    c. Failing to observe the position of the vehicle being operated by plaintiff and to take such action as was necessary to prevent striking said vehicle;

    d. Failing to operate a commercial vehicle at a speed which would have allowed the defendant to stop within an assured clear distance;

    e. Operating a commercial vehicle at a dangerous and excessive rate of speed under the circumstances;

    f. Being inattentive to defendant's duties as an operator of a commercial vehicle;

    g. Disregarding traffic lanes, patterns and other devices;

    h. Failing to keep an adequate distance from other vehicles that were within the vicinity of defendant's commercial vehicle;

Case ID: 170602977

i. Failing to perceive the highly apparent danger to plaintiff and others which the defendant's actions and/or inactions posed;

j. Failing to give plaintiff meaningful warning signs concerning the impending incident;

k. Failing to exercise ordinary care to avoid injuring plaintiff;

l. Failing to be highly vigilant and to maintain sufficient control of defendant Hardy Brother Inc.'s commercial vehicle;

m. Striking plaintiff's vehicle;

n. Operating a commercial vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o. Failing to inspect defendant Hardy Brothers, Inc.'s commercial vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p. Allowing a dangerous, unsafe and defective commercial vehicle to be operated on a public highway;

q. Failing to operate a commercial vehicle in compliance with the applicable laws, regulations and ordinances of the Township of Penn, County of Lancaster, the Statutes of the Commonwealth of Pennsylvania and the United States of America pertaining to the operation and control of motor vehicles; and

r. Operating a commercial vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of

Case ID: 170602977

<␊␊␊␊␊␊␊␊␊

<␊␊␊␊␊␊␊␊␊
<␊␊␊␊␊␊␊␊␊

<␊␊␊␊␊␊␊␊␊
<␊␊␊␊␊␊␊␊␊

the laws of the Commonwealth of Pennsylvania.

17. The negligence and/or carelessness of defendant further consisted of the following:

   a. Permitting an incompetent driver to operate their commercial vehicle;

   b. Failing to determine whether defendant, Robert Hale, possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

   c. Failing to determine whether defendant, Robert Hale, possessed a valid license or other requirements to drive and/or operate a commercial vehicle;

   d. Failure to inspect defendant Robert Hale's prior history of bad driving;

   e. Failing to instruct defendant, Robert Hale, in the proper method of operating a commercial vehicle;

   f. Failing to properly instruct the defendant, Robert Hale, on how to properly operate their commercial vehicle and its warning apparatus in an emergency situation;

   g. Failing, as defendant Robert Hale's authority, to control defendant driver's conduct in regard to the manner in which defendant, Robert hale was operating defendant Hardy Brothers, Inc.'s commercial vehicle at the aforesaid time and place as herein before described;

   h. Failing to maintain defendant's commercial vehicle in a safe condition; and,

   i. Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway.

18. As a direct result of the negligent and/or careless conduct of defendant, the

Case ID: 170602977

plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical sprain and strain, right C5 cervical radiculopathy, lumbar sprain and strain, lumbar disc protrusion at the L5-S1 level crowding the right neural foramen, right L5 lumbar radiculopathy, and other ills and injuries, all to plaintiff's great loss and detriment.

19. As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

20. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

21. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

22. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle

Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

        **SPEAR, GREENFIELD,**
        **RICHMAN & WEITZ, P.C.**

        **BY:**    **MARC F. GREENFIELD, ESQUIRE**

**INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL REQUESTS AND REQUEST FOR ADMISSIONS ARE SERVED ATTACHED TO PLAINTIFF'S COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS IS AND/OR WAS EFFECTUATED.**    lcs

10

## VERIFICATION

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

*Donni Hall*

Case ID: 170602977